# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2026

Lyle W. Cayce
Clerk

No. 25-60196

Phil Bryant; Deborah Bryant,

*Plaintiffs—Appellants*,

*versus*

Michael Rosenberg; Arena Group Holdings, Incorporated, "Arena", *formerly known as* TheMaven, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-260

Before Richman, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs Phil and Deborah Bryant brought a defamation suit against author Michael Rosenberg and publisher Arena Group Holdings. The district court dismissed the Bryants' claims. This court has reviewed the parties'

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60196

briefs, the record, the district court's opinion, and the applicable law. We find no reversible error.

AFFIRMED.

No. 25-60196

ANDREW S. OLDHAM, *Circuit Judge*, concurring:

As many jurists have explained, the actual-malice standard has "*no relation* to the text, history, or structure of the Constitution." *Tah v. Glob. Witness Publ'g, Inc.*, 991 F.3d 231, 251 (D.C. Cir. 2021) (SILBERMAN, J., dissenting in part).[*] For most of our Nation's history, libel laws were alive and well in state legislatures and courts. *Dershowitz v. Cable News Network, Inc.*, 153 F.4th 1189, 1198 (11th Cir. 2025) (LAGOA, J., concurring). But in 1964, the Supreme Court "overturn[ed] 200 years of libel law," constitutionalized an actual-malice standard, and recognized that lies can be constitutionally protected. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 766 (1985) (WHITE, J., concurring in the judgment); *see N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964).

*Sullivan* created bad consequences. As then-Professor Kagan put it, *Sullivan* has an "obvious dark side": It "allow[s] grievous reputational injury to occur without monetary compensation or any other effective remedy." Elena Kagan, *A Libel Story:* Sullivan *Then and Now*, 18 L. & SOC. INQUIRY 197, 205 (1993) (reviewing ANTHONY LEWIS, MAKE NO LAW: THE *SULLIVAN* CASE AND THE FIRST AMENDMENT (1991)). Or, as Judge Silberman described, *Sullivan* gives the press freedom to "cast false aspersions on public figures with near impunity." *Tah*, 991 F.3d at 254 (SILBERMAN, J., dissenting).

---

[*] *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 380 (1974) (WHITE, J., dissenting); *McKee v. Cosby*, 586 U.S. 1172, 1173 (2019) (THOMAS, J., concurring in the denial of certiorari); *Berisha v. Lawson*, 141 S. Ct. 2424, 2425 (2021) (THOMAS, J., dissenting from the denial of certiorari); *id.* at 2425–26 (GORSUCH, J., dissenting from the denial of certiorari); *Dershowitz v. Cable News Network, Inc.*, 153 F.4th 1189, 1197 (11th Cir. 2025) (LAGOA, J., concurring).

And in the years since *Sullivan*, the constitutional right to lie has expanded. It now includes the right to print and shout outrageous lies at a Marine's funeral. *See Snyder v. Phelps*, 562 U.S. 443 (2011). And it empowers two-bit charlatans to claim our Nation's highest military honor. *See United States v. Alvarez*, 567 U.S. 709 (2012).

And even if the First Amendment did immunize atrocious falsehoods, *Sullivan*'s heightened standard for libeling public figures is particularly difficult to understand. Before *Sullivan*, the common law considered "libels against public figures to be, if anything, *more* serious and injurious than ordinary libels." *McKee v. Cosby*, 586 U.S. 1172, 1177 (2019) (THOMAS, J., concurring in the denial of certiorari); *see also Dershowitz*, 153 F.4th at 1198 (LAGOA, J., concurring) (making a similar point). Why should public figures—the very people most prone to attract libels—be uniquely disabled to combat them? And in the social media age, when almost anyone can become a public figure almost instantly, why should the First Amendment protect some Americans less than it protects others?

At the end of the day, though, our inferior court is bound by *Sullivan*. So I concur.